UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERAL PEOPLES #253654,

    Petitioner,

v.                                            Case No. 2:06-cv-36
                                              HON. GORDON J. QUIST

TIM LUOMA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jeral Peoples filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assault with intent to do great bodily harm less than murder. Petitioner was convicted pursuant to a nolo contendere plea on October 7, 2003, and was sentenced to 6 months to 10 years imprisonment.

Petitioner filed a direct appeal of this conviction, which was denied by the Michigan Court of Appeals on June 30, 2005, and by the Michigan Supreme Court on October 31, 2005. Petitioner then filed a motion for relief from judgment on February 5, 2005, but states that he never received a decision on this motion.

Petitioner has now filed the instant petition, in which he maintains that his conviction was obtained in violation of his federal rights. Petitioner's application for habeas corpus relief sets forth the following claim for relief: "Motion to correct pre-sentence report, motion for discovery, ineffective assistance of counsel, Six [sic] Amendment violation to deprive from evidentiary hearing." Respondent has filed a motion to dismiss the petition for failure to exhaust state court remedies (docket #34).

A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). Moreover, it is the Petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989). In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

As noted by Respondent in their motion to dismiss, the application for habeas corpus indicates that Petitioner did not raise the issue asserted in the instant petition in his underlying direct appeal. Rather, Petitioner first raised this issue in his motion for relief from judgment. In response to Respondent's motion to dismiss, Petitioner has filed the copy of a July 18, 2006 letter addressed to himself from the Third Judicial Circuit Court of Michigan, which states:

> In reference to your M.C.R. 6.500 Motion for Relief from Judgment, please be advised that the Court is currently reviewing your motion and will render a decision upon a thorough examination of the issues presented. Your patience is appreciated.

(*See* docket #36.)

Petitioner does not indicate that he raised the issue asserted in the instant habeas corpus petition during his direct appeal. Therefore, the undersigned concludes that because Petitioner's motion for relief from judgment is currently pending before the state court, he has not exhausted his state court remedies. Should Petitioner's motion for relief from judgment be denied by the Circuit Court, Petitioner must appeal the denial to the Michigan Court of Appeals and the Michigan Supreme Court in order to exhaust his state court remedies.

Because it appears that Petitioner has not exhausted his available state court remedies, I recommend that Respondent's motion to dismiss be granted and the petition be dismissed.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application because he failed to exhaust his state court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed because he failed to exhaust his state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. L.R.

- 5 -

13(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

         /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 13, 2006